Brian N. Gurwitz (State Bar No. 171862)
The Law Office of Brian Gurwitz, APC
1422 Edinger Avenue, Suite 100
Tustin, California 92780
Phone: (714) 880-8800
Fax: (714) 880-8801
Brian@gurwitzlaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **United States of America,**<br>Plaintiff,<br>vs.<br>**Eric Chase Saavedra,**<br>Defendant. | No. 2:25-cr-00035-PA<br>**Defendant's Second Supplemental Sentencing Position**<br>Sentencing Date: Sept. 28, 2026<br>Sentencing Time: 8:30 a.m.<br>Before the Hon. Percy Anderson |

## Introduction

The defense respectfully submits this supplemental brief on two points that postdate its principal sentencing position, and asks the Court to grant both.[1] The first concerns the guideline calculation: the Probation Office has now issued a revised Presentence Report applying a three-level role adjustment under U.S.S.G. § 3B1.1(b) and declining to apply the four-level adjustment under § 3B1.1(a) that the government seeks. The defense

[1] Counsel apologizes to the Court and to the government for the belated filing. The revised Presentence Report issued on September 21, 2026, and the guideline amendment discussed below postdates the principal sentencing position. Counsel has conferred with Assistant United States Attorney Maxwell Coll, and the government does not object to the timing of this filing.

asks the Court to adopt the Probation Office's adjustment in the event it rejects the defense position that no role adjustment should be applied.

The second concerns the selection of a sentence: an amendment to the Guidelines takes effect thirty-four days after this hearing that eliminates the multiple-count increase applied in every version of the calculation now before the Court, and the defense asks the Court to give that increase no weight under 18 U.S.C. § 3553(a).

The two requests are independent of one another, each is worth one offense level, for a total of two levels off of the government's calculation.

## I. The Court should adopt the Probation Office's three-level adjustment under § 3B1.1(b).

The Probation Office, working from the same record the government relies on, considered the four-level organizer-or-leader adjustment and declined to apply it, concluding that the record supports a three-level adjustment under § 3B1.1(b) rather than a four-level adjustment under § 3B1.1(a). PSR ¶¶ 64–66. Its reasoning is that Iza exercised overall decision-making authority, initiated the scheme, controlled the proceeds, and directed the actions of others, and that Mr. Saavedra took direction from Iza — which, as the Probation Officer put it, supports the conclusion that Iza rather than Mr. Saavedra functioned as the organizer or leader. PSR ¶ 64. That is a direct application of the factors in § 3B1.1, comment. (n.4), and it is correct.

The facts the government marshals do not show otherwise. Forming Saavedra & Associates, recruiting deputies, staffing shifts, and paying the deputies establish managerial authority over how the work was carried

out. That is precisely what § 3B1.1(b) captures. None of it shows that Mr. Saavedra set the objectives of the conspiracy. Iza identified the targets, asked for the PII, asked repeatedly about the warrant concerning Victim R.C., directed the creation of the fake warrant, and paid for all of it. PSR ¶¶ 30, 34, 46–47. Recruiting and directing others distinguishes a manager from an ordinary participant; it does not distinguish a manager from an organizer.

The government's "otherwise extensive" argument does not bridge that gap. Extensiveness is a threshold that subsections (a) and (b) share, and it describes the scope of the criminal activity rather than the defendant's rank within it. The Probation Office found the activity extensive and still concluded that three levels, not four, reflect Mr. Saavedra's role. PSR ¶¶ 65–66. The authorities the government cites address whether an activity qualifies as extensive and whether formal hierarchical control is required. None holds that a participant who takes direction from the person who set the objectives and controlled the proceeds is an organizer or leader.

The fruits of the offense point the same way. Application Note 4 directs attention to the claimed right to a larger share of the fruits of the crime. Iza paid for the services; Mr. Saavedra passed roughly $750 per shift to the deputies who worked them; and the objects of the underlying schemes — the money extracted from Victim R.C., the laptop and the cryptocurrency on it, Client 1's business — belonged to or were pursued by Iza. PSR ¶¶ 23–24, 38, 46. The government bears the burden of establishing the enhancement by a preponderance. Where the Probation Office, reviewing the same facts, concludes the record supports a manager

rather than an organizer, the Court should adopt its three-level adjustment.

## II. In selecting a sentence, the Court should give no weight to the multiple-count increase the Commission has eliminated effective November 1, 2026.

On April 30, 2026, the Sentencing Commission submitted to Congress an amendment replacing the five guidelines in Chapter Three, Part D with a single guideline at § 3D1.1, effective November 1, 2026. Subsections (a) and (b) of the amended rule apply only to multiple counts sentenced under the same guideline. Subsection (c) directs that all other counts are calculated separately, and subsection (d) instructs the Court to use the highest resulting offense level. Mr. Saavedra has one count under § 2H1.1 and one under § 2T1.1. Neither subsection (a) nor subsection (b) can apply, the Court takes the higher of the two counts, and the unit increase now added under § 3D1.4 does not exist. That is so whichever role adjustment the Court applies.

The Commission did not designate this amendment for retroactive application under § 1B1.10(d). A defendant sentenced on November 2 receives the amended rule automatically, because § 1B1.11(a) directs the Court to apply the Manual in effect on the date of sentencing. A defendant sentenced on September 28 receives it only if the sentencing court accounts for it, and cannot obtain it afterward by motion under § 3582(c)(2). Section 3553(a)(6) directs the Court to avoid unwarranted disparities among similarly situated defendants. A disparity produced by the calendar rather

than by conduct, culpability, or cooperation is the paradigm of an unwarranted one.

The defense does not ask the Court to apply a Manual that is not yet in force, does not contest the calculations stipulated in paragraph 21 of the plea agreement, and does not seek a continuance. The Court must consider the applicable range and the Commission's pertinent policy statements, § 3553(a)(4)–(5), and the Commission's determination that a second count of this kind warrants no incremental punishment is the sort of institutional judgment a sentencing court may credit. See *Kimbrough v. United States*, 552 U.S. 85, 101–02 (2007); *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The request is simply that the Court sentence Mr. Saavedra as though the tax count added what the Commission has now decided it should add, which is nothing.

## III. Together, the two requests make a split sentence available to the Court.

The government calculates Count One at level 22, adds one level for the tax count, and arrives at a total offense level of 20 after acceptance — a range of 33 to 41 months. Adopting the Probation Office's role adjustment alone yields a total offense level of 19 and a range of 30 to 37 months. PSR ¶¶ 86, 133. Granting the § 3553(a) request alone leaves the Court in the same place, one level below the government's figure. Granting both leaves Count One at level 21 standing alone, a total offense level of 18 after acceptance, and a range of 27 to 33 months.[2]

[2] The revised Presentence Report states the tax loss as $104,000 at ¶ 70 and as $90,984 at ¶ 71, and the offense level is computed from the latter. The defense agrees with $90,984, which matches the restitution figure the government requests, and asks that ¶

The consequence appears after the departure the government has moved for. Five levels from a total offense level of 19 produces level 14 and a range of 15 to 21 months. Five levels from a total offense level of 18 produces level 13 and a range of 12 to 18 months.

## Conclusion

The defense respectfully asks the Court to adopt the Probation Office's three-level role adjustment under § 3B1.1(b), and to give no weight, in selecting a sentence under § 3553(a), to the one-level multiple-count increase that the Commission has eliminated effective November 1, 2026. The defense renews the request set out in its principal sentencing position: five years of probation, conditioned on twenty-four months of home detention with location monitoring, 500 hours of community service, mental health and substance abuse treatment, and restitution as set forth in the Presentence Report.

Respectfully submitted this 24th day of September 2026.

The Law Office of Brian Gurwitz, APC

/s/

Brian N. Gurwitz
Counsel for Mr. Saavedra

70 be corrected. The figure does not change the unit assignment: Count Two is one-half unit at either level 14 or level 16.